<pre>
 1                IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF TEXAS
 2                         AUSTIN DIVISION

 3  CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA,   ) AU:16-CV-00944-LY
    TEXAS ASSOCIATION OF BUSINESS,                         )
 4     Plaintiffs,                                         )
                                                           )
 5  v.                                                     ) AUSTIN, TEXAS
                                                           )
 6  INTERNAL REVENUE SERVICE, UNITED STATES DEPARTMENT OF  )
    THE TREASURY, JOHN A. KOSKINEN, JACOB J. LEW, NATIONAL )
 7  ASSOCIATION OF MANUFACTURERS,                          )
       Defendants.                                         ) NOVEMBER 16, 2016
 8
             *********************************************
 9               TRANSCRIPT OF TELEPHONE CONFERENCE
                   BEFORE THE HONORABLE LEE YEAKEL
10           *********************************************
    FOR THE PLAINTIFFS:      MICHAEL A. CARVIN
11                           JACOB M. ROTH
                             GERALD BRINTON LUCAS
12                           JONES DAY
                             51 LOUISIANA AVE., N.W.
13                           WASHINGTON, D.C. 20001-2113

14                           LAURA JANE DURFEE
                             JONES DAY
15                           2727 N. HARWOOD
                             DALLAS, TEXAS 75201
16
    FOR THE DEFENDANTS:      ADAM DAVID STRAIT
17                           U.S. DEPARTMENT OF JUSTICE,
                             TAX DIVISION
18                           P.O. BOX 683
                             WASHINGTON, D.C. 20044
19
                             MICHELLE C. JOHNS
20                           TRIAL ATTORNEY, TAX DIVISION
                             U.S. DEPARTMENT OF JUSTICE
21                           717 N. HARWOOD, SUITE 400
                             DALLAS, TEXAS 75201
22
    COURT REPORTER:          ARLINDA RODRIGUEZ, CSR
23                           501 WEST 5TH STREET, SUITE 4152
                             AUSTIN, TEXAS 78701
24
    Proceedings recorded by computerized stenography, transcript
25  produced by computer.
</pre>

```
09:30:20   1        (In Chambers)
09:30:20   2             THE COURT:  All right.  Well, let me -- this is
09:30:28   3   Judge Yeakel.  Let me get you to again announce so I make sure
09:30:32   4   I know everybody who is on the line and the court reporter can
09:30:36   5   get you indicated.  Let me start with the Chamber of Commerce
09:30:41   6   of the United States.
09:30:45   7             MR. CARVIN:  Yes, Your Honor.  My name is
09:30:46   8   Michael Carvin, and I'm here with Jacob Roth for the Chamber.
09:30:52   9             THE COURT:  All right.
09:30:53  10             MS. DURFEE:  And, Your Honor, Laura Durfee is also on
09:30:57  11   the line for the plaintiff..
09:31:01  12             MR. LUCAS:  And Brinton Lucas for the plaintiff.
09:31:06  13             THE COURT:  All right.  Is that it for the Chamber of
09:31:08  14   Commerce?
09:31:11  15             MR. CARVIN:  Yes.
09:31:11  16             THE COURT:  Okay.  For the Texas Association of
09:31:13  17   Business?  Same?
09:31:19  18             MR. CARVIN:  Yes.  Same lawyers.
09:31:20  19             THE COURT:  And for the Internal Revenue Service?
09:31:22  20             MR. STRAIT:  Good morning, Your Honor.  This
09:31:23  21   Adam Strait for the defendant.
09:31:26  22             MS. JOHNS:  And this is Michelle Johns, Your Honor,
09:31:27  23   for the United States.
09:31:31  24             THE COURT:  All right.  Is that it for the
09:31:32  25   government?
```

| | | |
|---|---|---|
| 09:31:34 | 1 | MR. STRAIT:  Yes, Your Honor. |
| 09:31:37 | 2 | THE COURT:  All right.  How about any other |
| 09:31:38 | 3 | defendants?  Same? |
| 09:31:40 | 4 | MR. STRAIT:  All the same, Your Honor, yes. |
| 09:31:42 | 5 | THE COURT:  All right.  And is there anybody on the |
| 09:31:44 | 6 | line for the National Association of Manufacturers who's moved |
| 09:31:46 | 7 | to file an amicus brief. |
| 09:31:53 | 8 | Hearing none. |
| 09:31:54 | 9 | Okay.  Thank you-all for being available this |
| 09:31:56 | 10 | morning.  I have in front of me a variety of things.  We don't |
| 09:31:59 | 11 | need to discuss the motion for leave to file the amicus brief. |
| 09:32:04 | 12 | I know there's an opposition to that.  I will read that and |
| 09:32:07 | 13 | will determine that just on the paperwork.  I don't need any |
| 09:32:10 | 14 | argument about that. |
| 09:32:16 | 15 | The main thing I wanted to discuss this morning is |
| 09:32:18 | 16 | I've got the defendant's motion to dismiss and the plaintiff's |
| 09:32:21 | 17 | motion for summary judgment.  I'm trying to get this case in a |
| 09:32:28 | 18 | way that we can start determining the issues in it in a |
| 09:32:32 | 19 | meaningful manner, and so I just want to open it up.  What |
| 09:32:42 | 20 | would be left -- obviously if I grant the defendant's motion to |
| 09:32:46 | 21 | dismiss, the case is gone.  If I were to deny that and grant |
| 09:32:52 | 22 | the plaintiff's motion for summary judgment, would there be |
| 09:32:55 | 23 | anything left in this case or does the motion for summary |
| 09:32:59 | 24 | judgment dispose of all of the issues? |
| 09:33:07 | 25 | Often there are hidden issues.  And when I think I |

| | | |
|---|---|---|
| 09:33:10 | 1 | have I done something, I find out there is more yet to go.  And |
| 09:33:13 | 2 | I'm trying to, as I said, get to where we get to the end of the |
| 09:33:18 | 3 | road here in the most expeditious fashion.  So that's what I've |
| 09:33:24 | 4 | got on my mind.  Let me hear from the plaintiffs.  What would |
| 09:33:27 | 5 | be left if I grant the plaintiff's motion for summary judgment? |
| 09:33:35 | 6 | MR. CARVIN:  Yes, Your Honor.  This is |
| 09:33:36 | 7 | Michael Carvin.  We don't think there would be anything left. |
| 09:33:39 | 8 | The complaint asked you to set aside the rule that we're |
| 09:33:42 | 9 | challenging, and our motion for summary judgment is a complete |
| 09:33:45 | 10 | motion for summary judgment that asks you to set aside that |
| 09:33:48 | 11 | rule.  So I don't think there would be any peripheral or |
| 09:33:52 | 12 | additional matters that would not be incorporated into a final |
| 09:33:57 | 13 | judgment. |
| 09:33:58 | 14 | THE COURT:  All right.  And does the government -- is |
| 09:34:02 | 15 | the government's position set forth in the motion to dismiss, |
| 09:34:14 | 16 | would that also resolve all of the issues in the case if I |
| 09:34:18 | 17 | granted the motion to dismiss?  So each motion is a complete |
| 09:34:23 | 18 | dispositive motion?  Let me ask you that. |
| 09:34:27 | 19 | MR. STRAIT:  Your Honor, this is Adam Strait.  I |
| 09:34:29 | 20 | agree with Mr. Carvin that Plaintiff's motion is a dispositive |
| 09:34:33 | 21 | motion.  It would resolve all of the issues in the case in the |
| 09:34:36 | 22 | plaintiff's favor.  But Defendant's motion is likewise a |
| 09:34:37 | 23 | complete one if the Court grants it on the basis that there is |
| 09:34:41 | 24 | no jurisdiction.  Then the case is over. |
| 09:34:47 | 25 | MR. CARVIN:  This is Mr. Carvin.  Your Honor, I just |

09:34:48  1    wanted to say that we agree with Mr. Strait, that if you grant

09:34:51  2    their motion, then the case is over.

09:34:54  3            THE COURT:  All right.  Then it appears to me,

09:35:01  4    because I do want oral argument on the motions because I find

09:35:06  5    it would be helpful to the court, that we could argue these

09:35:12  6    motions at the same time and I could then render my ruling on

09:35:22  7    the motions and, in all likelihood, that will be dispositive of

09:35:27  8    the entire case.  So that's what I would like to do.

09:35:31  9            So a couple of things I want you to consider, and

09:35:34  10   then we'll make decisions on them.  But I'll dangle them out

09:35:37  11   there.  How much time would each side desire for argument,

09:35:47  12   knowing that we're going to have to chop it up a little bit

09:35:51  13   because the defendants would, of course, lead on their motion,

09:35:56  14   the plaintiffs lead on their motion, both sides get to respond,

09:36:00  15   and then the proponent of each motion gets rebuttal and we need

09:36:10  16   to look, then, at the logistics of how we arrange that.  But

09:36:19  17   what do you-all think would be adequate time totally before we

09:36:22  18   start slicing and dicing it for both sides to present argument

09:36:27  19   on their position?

09:36:27  20           Now, know this:  One of the crosses you bear is

09:36:31  21   you're dealing with a judge who spent five and a half years on

09:36:34  22   a state intermediate appellate court.  So I'm used to oral

09:36:38  23   argument.  But I'm also used to the fact that our local rules

09:36:42  24   were that you could argue the most complex antitrust case in

09:36:46  25   America in 20 minutes.

```
09:36:49   1              I always felt that was a little short.  So what I
09:36:53   2   want to hear from you is realistically what you think it would
09:36:57   3   take to adequately present this case on argument and develop
09:37:02   4   it, knowing that I may or may not have questions on it, to
09:37:06   5   allow you to put your best foot forward without repeating
09:37:09   6   yourselves over and over again.  Don't tell me what I want to
09:37:15   7   hear.  Tell me what in your best professional judgment you
09:37:17   8   believe to be a realistic time to get all of your statements
09:37:24   9   in.
09:37:24  10              And I'll start with the plaintiffs, not because I
09:37:27  11   favor the plaintiffs, but reading from top to bottom is just a
09:37:30  12   convenient default.  So do you want to chime in here at the
09:37:35  13   this point?
09:37:37  14              MR. CARVIN:  Your Honor, of course, I'm not entirely
09:37:40  15   sure how many questions will be asked and the like, but I would
09:37:46  16   think 20 to perhaps 25 minutes for each motion would give both
09:37:50  17   us and the government ample time to walk you through.  You may
09:37:57  18   or may not view these issues as complicated, but I do think
09:38:00  19   there probably are some case law and statutory nuances that you
09:38:08  20   may want to explore.
09:38:09  21              THE COURT:  I will tell you that I will find this
09:38:11  22   case harder than either one of you does.  I hear arguments, and
09:38:17  23   it's, "Judge, this is a simple thing.  Just look at this."  And
09:38:21  24   the other side says, "And, you know, it's simple, but it's the
09:38:24  25   other way."  Well, I always find it harder.  So just presume
```

```
09:38:28   1   that I'm going to find it a closer call than either one of you
09:38:32   2   are going to find it or either side is going to find it.
09:38:35   3            What's the defendant think about that time line.
09:38:40   4            MR. STRAIT:  Your Honor, I think that's reasonable.
09:38:42   5   A total of about 45 minutes for each side seems like it should
09:38:45   6   be adequate.
09:38:46   7            THE COURT:  All right.  Let me ask you this:  Do you
09:38:48   8   think that if we're working within that time range -- and I'll
09:39:01   9   go to the far end of it and say let's presume we're maybe
09:39:06  10   looking at a total of an hour to the side to cover all aspects
09:39:13  11   of everything.  Do you think you-all could sit down and
09:39:18  12   formulate a schedule that is satisfactory to you-all working
09:39:26  13   within that time line of who will argue first on what motion,
09:39:33  14   then there will be a response, then there will be a reply, and
09:39:37  15   then we go to the next motion or whether we combine some of the
09:39:40  16   argument in there?  I want you to make it, as I said, easy on
09:39:46  17   yourselves to present to me your best case in the most
09:39:52  18   organized fashion.
09:39:54  19            So if I told you I'm willing to give you a total of
09:39:58  20   an hour to each side -- because I don't have any problem in
09:40:01  21   devoting a half a day to this by the time we take a break in
09:40:06  22   the middle and what have you -- that you can sit down and work
09:40:10  23   out a schedule agreeable to all parties on how you want to
09:40:13  24   present this?
09:40:17  25            MR. CARVIN:  Your Honor.  This is Michael Carvin
```

| | | |
|---|---|---|
| 09:40:19 | 1 | again.  Yeah.  I'm sure Mr. Strait and his colleagues and I can |
| 09:40:22 | 2 | work this out quite easily and make a suggestion to Your Honor |
| 09:40:28 | 3 | in relatively short order. |
| 09:40:30 | 4 | THE COURT:  Everybody agree with that? |
| 09:40:32 | 5 | MR. STRAIT:  Yes, Your Honor. |
| 09:40:33 | 6 | THE COURT:  All right.  Now, when, knowing that the |
| 09:40:43 | 7 | holidays are on us and my belief that you-all probably have |
| 09:40:51 | 8 | more than one case and I have a pretty crowded docket, would be |
| 09:41:02 | 9 | a good time to argue this case?  Tell me -- again, don't tell |
| 09:41:07 | 10 | me what you think I want to hear.  Tell me what your problems |
| 09:41:10 | 11 | are in the upcoming future. |
| 09:41:16 | 12 | MR. CARVIN:  Your Honor, I just had a trial |
| 09:41:19 | 13 | postponed.  And taking your admonition about the holidays, the |
| 09:41:25 | 14 | week of January 9th would be wide open for me, any day that |
| 09:41:30 | 15 | week, if that's consistent with the government's schedule and |
| 09:41:36 | 16 | Your Honor's docket. |
| 09:41:42 | 17 | THE COURT:  Let me hear from the government. |
| 09:41:45 | 18 | MR. STRAIT:  Your Honor, I have a fairly beefy |
| 09:41:53 | 19 | schedule that week and the following week.  For the week of |
| 09:41:55 | 20 | January 30th, if that's acceptable to the plaintiff and to the |
| 09:42:02 | 21 | Court? |
| 09:42:02 | 22 | MR. CARVIN:  In all candor, Your Honor, I don't want |
| 09:42:04 | 23 | to interfere with Mr. Strait's other obligations, but we prefer |
| 09:42:07 | 24 | to have it heard earlier than that.  How about a -- what about |
| 09:42:12 | 25 | the week of January 23rd, Mr. Strait?  Does -- is that not good |

| | | |
|---|---|---|
| 09:42:16 | 1 | for you either?  You said the -- |
| 09:42:19 | 2 | MR. STRAIT:  I have a hearing in Phoenix scheduled |
| 09:42:22 | 3 | for the 24th.  Sometime late that week, the 26th or 27th would |
| 09:42:26 | 4 | be okay. |
| 09:42:27 | 5 | THE COURT:  No.  I've got a meeting that's going to |
| 09:42:30 | 6 | cause me to be out of town the 26th and 27th.  I'm actually |
| 09:42:34 | 7 | leaving here the 25th, probably in the afternoon.  So if the |
| 09:42:42 | 8 | early part -- and I also have a criminal jury trial set that |
| 09:42:45 | 9 | week.  And if that case goes, I'm going to have to get another |
| 09:42:48 | 10 | judge to do that.  So the 23rd is not a good week for me. |
| 09:42:54 | 11 | MR. CARVIN:  Does the 16th work for either of you? |
| 09:43:00 | 12 | The week of -- |
| 09:43:05 | 13 | THE COURT:  Well, let me hear from you-all first.  I |
| 09:43:08 | 14 | could do it the afternoon of the 18th if we wanted to do the |
| 09:43:12 | 15 | week of the 16th.  There's a possibility I could do it in the |
| 09:43:17 | 16 | morning.  I've got some criminal matters that morning, but |
| 09:43:21 | 17 | sometimes those go away.  But I could definitely do it the |
| 09:43:25 | 18 | afternoon of the 18th if we wanted to be safe.  If that works |
| 09:43:29 | 19 | for you-all we could set it then and then, as we get closer, |
| 09:43:34 | 20 | determine if we want to move it up to the morning.  But I could |
| 09:43:37 | 21 | do it the afternoon of January 18. |
| 09:43:42 | 22 | MR. CARVIN:  That works for me, Your Honor. |
| 09:43:44 | 23 | MR. STRAIT:  Your Honor, I think I can make that |
| 09:43:47 | 24 | work. |
| 09:43:47 | 25 | THE COURT:  All right.  Then let's say that argument |

| | | |
|--|--|--|
| 09:43:50 | 1 | will be January the 18th, which is a Wednesday, at 2 p.m. |
| 09:44:07 | 2 | You'll have an hour to the side.  You're encouraged not to take |
| 09:44:10 | 3 | it all.  I know that nature and lawyers abhor a vacuum, and so |
| 09:44:13 | 4 | if I say an hour, what you-all have graciously said would be |
| 09:44:17 | 5 | 45 minutes will expand into the hour.  But I'll give you |
| 09:44:22 | 6 | adequate time to do this, and you-all will prepare a schedule. |
| 09:44:32 | 7 | What I would really like on that -- and you don't have to give |
| 09:44:35 | 8 | it to me overnight -- but I'd like to know who is going to |
| 09:44:39 | 9 | argue, when they're going to argue, and how much time they |
| 09:44:43 | 10 | want, so I can use it as an outline to follow it from the |
| 09:44:46 | 11 | bench.  And also it will assist me when I go through the briefs |
| 09:44:50 | 12 | and the motions in a lot of detail before that argument on the |
| 09:44:53 | 13 | 18th.  So how long do you think you need to prepare such a |
| 09:45:00 | 14 | schedule for me? |
| 09:45:03 | 15 | MR. CARVIN:  Mr. Strait, we could send you a proposal |
| 09:45:06 | 16 | in writing I would think within an hour, hour and a half.  And |
| 09:45:10 | 17 | then I don't how much consultation you need on your end. |
| 09:45:16 | 18 | MR. STRAIT:  I think we'd be able to get that back to |
| 09:45:18 | 19 | you tomorrow at any rate. |
| 09:45:19 | 20 | THE COURT:  All right.  Well, tomorrow will be fine. |
| 09:45:22 | 21 | Friday would be fine.  Actually, anytime up until next |
| 09:45:27 | 22 | Wednesday would be fine.  It could even be later than that. |
| 09:45:30 | 23 | But, you know, I would like to get this set down to where |
| 09:45:35 | 24 | you-all know it.  So if you can get me that no later than next |
| 09:45:39 | 25 | Wednesday, the 23rd.  If you get it earlier, fine.  But that |

| | | |
|---|---|---|
| 09:45:43 | 1 | will give me planning time and what have you. |
| 09:45:45 | 2 | Because I want to -- what I want to do is send out an |
| 09:45:51 | 3 | order which schedules this for argument on the motions on |
| 09:45:54 | 4 | January the 18th at 2 o'clock and approves your schedule so |
| 09:46:01 | 5 | you-all know exactly what you're doing as we get down the road. |
| 09:46:04 | 6 | So does that work? |
| 09:46:05 | 7 | MR. CARVIN:  Yes, Your Honor. |
| 09:46:07 | 8 | THE COURT:  All right. |
| 09:46:08 | 9 | MR. STRAIT:  For the government, that's fine. |
| 09:46:09 | 10 | THE COURT:  Is there anything else we should talk |
| 09:46:12 | 11 | about while I have you-all on the phone? |
| 09:46:19 | 12 | MR. CARVIN:  Not from our end, Your Honor. |
| 09:46:21 | 13 | MR. STRAIT:  Not for the defendants, Your Honor. |
| 09:46:23 | 14 | THE COURT:  All right.  Thank you-all for being |
| 09:46:24 | 15 | available.  I appreciate your willingness to work on this.  I |
| 09:46:28 | 16 | look forward to seeing you after the first of the year for |
| 09:46:31 | 17 | argument, and everybody have a great group of holidays between |
| 09:46:35 | 18 | now and then. |
| 09:46:36 | 19 | (End of transcript) |
| | 20 | |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

1  **UNITED STATES DISTRICT COURT        )**

2  **WESTERN DISTRICT OF TEXAS           )**

3       I, Arlinda Rodriguez, Official Court Reporter, United

4  States District Court, Western District of Texas, do certify

5  that the foregoing is a correct transcript from the record of

6  proceedings in the above-entitled matter.

7       I certify that the transcript fees and format comply with

8  those prescribed by the Court and Judicial Conference of the

9  United States.

10       WITNESS MY OFFICIAL HAND this the 23rd day of

11  November 2016.

12

13                                    /S/ Arlinda Rodriguez
                                      Arlinda Rodriguez, Texas CSR 7753
14                                    Expiration Date:  12/31/2016
                                      Official Court Reporter
15                                    United States District Court
                                      Austin Division
16                                    501 West 5th Street, Suite 4152
                                      Austin, Texas 78701
17                                    (512) 391-8791

18

19

20

21

22

23

24

25