# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA; and TEXAS ASSOCIATION OF BUSINESS, <br><br> *Plaintiffs*, <br> v. <br><br> INTERNAL REVENUE SERVICE; *et al.*, <br><br> *Defendants*. | Civil Action No. 1:16-cv-00944-LY |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO SUBMIT A SUPPLEMENTAL MEMORANDUM REGARDING REMEDIES**

Defendants have asked this Court for a 30-day extension to file any supplemental memorandum on remedies due to the change in Presidential administrations. Plaintiffs oppose that request for the following reasons:

**1.** On January 18, 2017, two days before the President's inauguration, this Court held oral argument on Plaintiffs' motion for summary judgment and the Government's motion to dismiss. At the end of the hearing, the Government asked to file a supplemental memorandum on the appropriate remedy in the event this Court rules against it. Based on the Government's representations that it would file this memorandum within 10 days of oral argument, Plaintiffs did not oppose this request. Because that deadline would fall over a weekend, this Court ordered the Government to file its memorandum by Monday, January 30, 2017.

**2.** On Monday, January 30, 2017, the Government sought a 30-day extension of time to file any supplemental memorandum on remedies. According to the Government, this further delay is appropriate due to the change in Presidential administrations.

**3.** This extension is unwarranted. The Government could easily have anticipated the question of remedies and raised this issue in its opposition to summary judgment. It chose not to do so. Instead, it was only after oral argument that it chose to flag the issue for the first time. The 12 days this Court has already provided should have been more than adequate for the Government to prepare a short supplemental brief on this ancillary issue.

**4.** The change in Presidential administrations does not provide a compelling reason for further delay. First, the Executive Memorandum stays new "regulations," and thus does not apply to *supplemental briefing*, particularly in a fully briefed case. In any event, the Government was aware of the impending change in administrations at the time of oral argument; indeed, the President's inauguration was to occur two days later. It was also on notice that the President would likely impose a freeze on new regulations upon taking office. *See, e.g.*, Lydia Wheeler, *Awaiting Trump, Agencies Brace for Freeze on Regulations*, THE HILL, https://goo.gl/HVmUuI. The Government thus could have raised these concerns at oral argument rather than on the very day when their supplemental memorandum was due.

**5.** In all events, supplemental briefing on this ancillary issue should not delay the Court's resolution of this case. Even if the Court grants the Government an extension, it should, consistent with the Court's statement at oral argument, proceed to rule on the motion to dismiss and the motion for summary judgment without waiting for supplemental briefing.

**6.** For these reasons, the Government's motion for an extension of time to file a supplemental memorandum should be denied. In the alternative, Plaintiffs request that the Court rule on the motion to dismiss and motion for summary judgment without waiting for the Government's supplemental memorandum on remedies.

Respectfully submitted,

Dated: January 30, 2017  /s/ Laura Jane Durfee

| | |
|---|---|
| LILY FU CLAFFEE* <br>   D.C. Bar No. 450502 <br>   LClaffee@USChamber.com <br> KATE COMERFORD TODD* <br>   D.C. Bar No. 477745 <br>   KTodd@USChamber.com <br> STEVEN P. LEHOTSKY* <br>   D.C. Bar No. 992725 <br>   SLehotsky@USChamber.com <br> WARREN POSTMAN* <br>   D.C. Bar No. 995083 <br>   WPostman@USChamber.com <br> **U.S. CHAMBER LITIGATION CENTER** <br> 1615 H Street NW <br> Washington, DC 20062 <br> Telephone: (202) 463-5337 <br> Facsimile: (202) 463-5346 <br><br> *Counsel for Plaintiff Chamber of Commerce of the United States of America* | MICHAEL A. CARVIN* <br>   D.C. Bar No. 366784 <br>   macarvin@jonesday.com <br> RAYMOND J. WIACEK* <br>   D.C. Bar No. 925966 <br>   rjwiacek@jonesday.com <br> ANDREW M. EISENBERG* <br>   D.C. Bar No. 445346 <br>   ameisenberg@jonesday.com <br> JACOB M. ROTH* <br>   D.C. Bar No. 995090 <br>   yroth@jonesday.com <br> BRINTON LUCAS* <br>   D.C. Bar No. 1015185 <br>   blucas@jonesday.com <br> **JONES DAY** <br> 51 Louisiana Avenue NW <br> Washington, DC 20001 <br> Telephone: (202) 879-3939 <br> Facsimile: (202) 626-1700 <br><br> LAURA JANE DURFEE <br>   Texas Bar No. 24069653 <br>   ldurfee@jonesday.com <br> **JONES DAY** <br> 2727 North Hardwood Street <br> Dallas, TX 75201 <br> Telephone: (214) 220-3939 <br> Facsimile: (214) 969-5100 <br><br> *Counsel for Plaintiffs* <br><br> *Admitted *pro hac vice* |

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2017, I filed the foregoing Opposition to Defendants' Motion for an Extension of Time To Submit a Supplemental Memorandum Regarding Remedies with the Court through the Court's CM/ECF system. I further certify that I will serve a true and correct copy of the foregoing Opposition on the following attorneys:

Adam D. Strait
Michelle C. Johns
Paul T. Butler
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, DC 20044-0683
*Counsel for Defendants*

Pierre H. Bergeron
Charles E. Talisman
Rachael Harris
Squire Patton Boggs (US) LLP
2250 M Street Northwest
Washington, DC 20037

Dylan O. Drummond
Squire Patton Boggs (US) LLP
2000 McKinney Avenue, Suite 1700
Dallas, TX 75201

Linda Kelly
National Association of Manufacturers
733 10th Street NW, Suite 700
Washington, DC 20001
*Counsel for Amicus*

Date: January 30, 2017.

/s/ Laura Jane Durfee

LAURA JANE DURFEE
  Texas Bar No. 24069653
  ldurfee@jonesday.com
**JONES DAY**
2727 North Hardwood Street
Dallas, TX 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100

*Attorney for Plaintiffs*