DAVID A. HUBBERT
Acting Assistant Attorney General

ADAM D. STRAIT (Mass. BBO No. 670484)
MICHELLE C. JOHNS (Texas SBN 24010135)
PAUL T. BUTLER (MD Bar No. 9406230037)
Trial Attorneys
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044-0683
Telephone: (202) 307-2135
Fax: (202) 307-2135
adam.d.strait@usdoj.gov

*Of counsel:*
RICHARD L. DURBIN
United States Attorney
Western District of Texas

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, and TEXAS ASSOCIATION OF BUSINESS,<br><br>*Plaintiffs,*<br><br>v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE, *et al.*,<br><br>*Defendants.* | No. 1:16-cv-944-LY<br><br>**Defendants' Notice of Supplemental Authority Regarding** *Maze* |

Defendants respectfully submit this Notice of Supplemental Authority concerning the July 14, 2017, decision in *Maze v. IRS*, No. 16-5265, by the United States Court of Appeals for the District of Columbia Circuit. A copy of the decision

is attached to this Notice as Exhibit A and may be found at __ F.3d __, 2017 WL 2989488 (D.C. Cir. July 14, 2017).

In *Maze*, the plaintiffs enrolled in an IRS voluntary disclosure program permitting them to report previously undisclosed foreign income and become tax-compliant on relatively favorable terms. Later, the IRS introduced a second voluntary disclosure program. Taxpayers enrolled in the first program could not switch to the new one, but could elect to follow "transition rules" that provided similar benefits to the new program. The plaintiffs brought suit under the Administrative Procedure Act seeking to require the IRS to allow them to switch programs, rather than follow the transition rules. The District Court decided that under the Anti-Injunction Act, I.R.C. § 7421(a), it lacked jurisdiction. *Maze v. IRS*, 206 F. Supp. 3d 1, 10-21 (D.D.C. 2016). In this case, the Defendants cited the District Court's decision in support of their Motion to Dismiss. (*See* Defs.' Mot. Dismiss 25 n.4 (Dkt. 31); Defs.' Reply Supp. Mot. Dismiss 8-9, 12 (Dkt. 52).)

The D.C. Circuit has now **affirmed** the District Court's decision. (Ex. A at 2.) It reasoned that requiring the IRS to allow the plaintiffs to enroll in the later disclosure program would "have the effect of restraining—fully stopping—the IRS from collecting accuracy-based penalties for which [the plaintiffs] are currently liable." (*Id.* at 8.) The D.C. Circuit also decided that because the plaintiffs could file a refund suit, they had an alternative avenue to litigate their claims. (*Id.* at 9.) Therefore, the plaintiffs could not rely on the exception to the Anti-Injunction Act articulated in *South Carolina v. Regan*, 465 U.S. 367, 381 (1984). (*See id.*)

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General

Date: July 17, 2017      /s/ Adam Strait
ADAM D. STRAIT (Mass. BBO No. 670484)
PAUL T. BUTLER (MD Bar No. 9406230037)
Trial Attorneys
U.S. Department of Justice, Tax Division
P.O. Box 683
Washington, D.C. 20044-0683
Telephone: (202) 307-2135
Fax: (202) 307-2135
adam.d.strait@usdoj.gov
paul.t.butler@usdoj.gov

MICHELLE C. JOHNS
Texas State Bar No. 24010135
Department of Justice, Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9762
(214) 880-9741 (FAX)
michelle.c.johns@usdoj.gov

*Of counsel:*
RICHARD L. DURBIN
United States Attorney
Western District of Texas

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2017, I filed the foregoing with the Court in this case through the Court's CM/ECF system. I further certify that as a result of filing the document with the Court, pursuant to Local Rule CV-5(b), I served a copy of it on the following:

Laura Durfee (ldurfee@jonesday.com)

Michael A. Carvin (macarvin@jonesday.com)

Andrew M. Eisenberg (ameisenberg@jonesday.com)

Gerald Brinton Lucas (blucas@jonesday.com)

Jacob M. Roth (yroth@jonesday.com)

Raymond J. Wiacek (rjwiacek@jonesday.com)

*Attorneys for the Plaintiffs*

Kathryn Comerford Todd (ktodd@uschamber.com)

Lily Fu Claffee (lclaffee@uschamber.com)

Steven P. Lehotsky (slehotsky@uschamber.com)

Warren Postman (wpostman@uschamber.com)

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*

Rachel Abelson Harris (rachel.harris@squirepb.com)

Pierre H. Bergeron (pierre.bergeron@squirepb.com)

Charles E. Talisman (charlestailsman@squirepb.com)

Linda Kelly (LKelly@NAM.org)

Dylan O. Drummond (dylan.drummond@squirepb.com)

*Attorneys for Proposed Amicus National Association of Manufacturers*

Date: July 17, 2017  /s/ Adam Strait
ADAM D. STRAIT
Trial Attorney
U.S. Department of Justice, Tax Division

# EXHIBIT A

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued May 16, 2017          Decided July 14, 2017

No. 16-5265

EVA MAZE, ET AL.,
APPELLANTS

v.

INTERNAL REVENUE SERVICE, ET AL.,
APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-01806)

---

*George M. Clarke III* argued the cause for appellants. With him on the briefs was *Joseph B. Judkins*. *Allison M. De Tal* and *Vivek A. Patel* entered appearances.

*Andrew M. Weiner*, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the brief were *Gilbert S. Rothenberg* and *Teresa E. McLaughlin*, Attorneys.

Before: HENDERSON, GRIFFITH and SRINIVASAN, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* HENDERSON.

KAREN LeCRAFT HENDERSON, *Circuit Judge*:

*"No taxes can be devised which are not more or less inconvenient and unpleasant."*

-George Washington[1]

Eva Maze, Suzanne Batra, Margot Lichtenstein, Marie Green, May Muench, Kevin Muench, Nancy Blumenkrantz and Harold Blumenkrantz ("plaintiffs") are taxpayers who failed to report—and pay tax on—foreign income. In 2012, the plaintiffs enrolled in a voluntary Internal Revenue Service ("IRS") disclosure program that allowed them to become tax code compliant on relatively favorable terms. In 2014, however, the plaintiffs wanted to change course; they sought enrollment in a new IRS disclosure program with a different tax treatment. The IRS rejected the plaintiffs' request and they then brought suit. For the reasons that follow, we conclude that the district court was without jurisdiction to resolve their claims in light of the jurisdiction-stripping provision contained in the Anti-Injunction Act ("AIA"), 26 U.S.C. §§ 7421 *et seq.*, and therefore affirm.

I. BACKGROUND

The IRS has periodically offered programs designed "to settle with taxpayers who ha[ve] failed to report offshore income and file any related information return . . . ." 1 NAT'L TAXPAYER ADVOCATE, 2012 ANNUAL REPORT TO CONGRESS 134 (2012). In 2012, for example, the IRS announced an Offshore Voluntary Disclosure Program ("2012 OVDP"). *See* JA 43. Generally, the 2012 OVDP enables a taxpayer with

---

[1] THE QUOTABLE GEORGE WASHINGTON 93 (Stephan E. Lucas ed., Madison House Publishers 1999) (Farewell Address, Philadelphia, September 19, 1796).

undisclosed foreign income or assets to be relieved of liability based on his past noncompliance with reporting/payment of taxes. Once enrolled in the 2012 OVDP, a taxpayer can settle most potential penalties for which he may be liable—with the exception of accuracy-based penalties under 26 U.S.C. § 6662(a)—through a lump sum compromise equaling 27.5% of the aggregate value of his foreign assets. Moreover, a 2012 OVDP participant can sign a closing agreement, which constitutes a final settlement on previously unreported foreign assets. But the 2012 OVDP benefits flow to a participant only if he meets a number of stringent payment and filing requirements. One of the requirements is relevant here—the requirement that a 2012 OVDP participant must pay eight years' worth of accuracy-based penalties, *see* 26 U.S.C. § 6662(a), as a condition of enrollment.

Two years after the implementation of the 2012 OVDP, the IRS introduced the expanded Streamlined Procedures program. *See* JA 70-73. Compared to the 2012 OVDP, the Streamlined Procedures offer fewer benefits to a noncompliant taxpayer—for example, the Streamlined Procedures participant's tax filings and payments serve to excuse all penalties not involving willfulness for a three year period.[2] Importantly, the Streamlined Procedures reduced benefits are counterbalanced by fewer compliance requirements; as relevant here, the Streamlined Procedures participant need not pay *any* accuracy-based penalty.[3]

---

[2] The Streamlined Procedures participant, however, does not receive any assurance regarding future criminal prosecution.

[3] The Streamlined Procedures participant is nonetheless required to pay an offshore penalty equivalent to 5% of the value of his foreign assets. *See* I.R.S. News Release IR-2014-73 (June 18, 2014).

Shortly after the expansion of the Streamlined Procedures, the IRS also established a system—known as the "Transition Rules"—to "allow taxpayers currently participating in OVDP who meet the eligibility requirements for the expanded Streamlined Filing Compliance Procedures . . . an opportunity to remain in the OVDP while taking advantage of the favorable penalty structure of the expanded streamlined procedures." JA 102. Stated generally, the Transition Rules allowed a 2012 OVDP participant to receive tax treatment similar (but not identical) to that offered to a Streamlined Procedures participant. For example, under the Transition Rules, a 2012 OVDP participant's offshore penalty is reduced from 27.5% to 5%, a change that makes his outstanding liability much closer to what it would have been had he enrolled in the Streamlined Procedures in the first instance. The Transition Rules, however, leave some requirements untouched. Unlike the Streamlined Procedures participant, a 2012 OVDP participant who takes advantage of the Transition Rules must still pay eight years' worth of accuracy-based penalties. And a 2012 OVDP participant cannot leave that program and apply for the Streamlined Procedures; the Transition Rules are his only means of receiving somewhat comparable treatment.

As noted, the plaintiffs are noncompliant taxpayers who enrolled in the 2012 OVDP. Beginning in 2014, however, they tried to withdraw from the 2012 OVDP and apply for the Streamlined Procedures. The IRS denied their requests and directed them to apply for comparable treatment under the Transition Rules. Instead, the plaintiffs brought suit, seeking "(1) judgments that the 'Transition Rules' were unlawful under the Administrative Procedure Act, (2) an injunction allowing Plaintiffs to transfer from one IRS voluntary program to another, contrary to the IRS's existing rules prohibiting such a transfer; and (3) an injunction prohibiting the enforcement of the 'Transition Rules.'" *Maze v. IRS*, 206 F. Supp. 3d 1, 9

(D.D.C. 2016). The district court did not reach the merits of their complaint, however; instead, it concluded that it lacked jurisdiction under the AIA and the tax exception of the Declaratory Judgment Act[4] and dismissed their complaint. *Id.* at 21. The plaintiffs now appeal.

## II. ANALYSIS

The AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ." 26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). The AIA ensures "protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference . . . ." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974). Indeed, we have previously expressed "appropriate concern about the . . . danger that a multitude of spurious suits, or even suits with possible merit, would so interrupt the free flow of revenues as to jeopardize the Nation's fiscal stability." *Cohen v. United States*, 650 F.3d 717, 724 (D.C. Cir. 2011) (en banc) (internal quotation marks omitted) (quoting *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 769 (1974) (Blackmun, J., dissenting)). Thus, because the AIA bars "those suits seeking to restrain the assessment or collection of taxes," we must

---

[4] As the district court noted, the Declaratory Judgment Act is "coterminous" with the AIA, meaning that the AIA decides this case. *Maze v. IRS*, 206 F. Supp. 3d 1, 10-11 (D.D.C. 2016). Thus, as we did in *Florida Bankers Ass'n v. U.S. Dep't of Treasury*, "we will refer only to the Anti-Injunction Act." 799 F.3d 1065, 1068 (D.C. Cir. 2015).

engage in "a careful inquiry into the remedy sought, the statutory basis for that remedy, and any implication the remedy may have on assessment and collection." *Id.* at 724, 727. A claim that comes within the AIA's scope must be dismissed for lack of subject matter jurisdiction. *Gardner v. United States*, 211 F.3d 1305, 1311 (D.C. Cir. 2000).

The parties agree that the case turns—in large part—on how the Court interprets "restraining" as used in the AIA. *See* 26 U.S.C. § 7421(a) ("[N]o suit for the purpose of *restraining* the assessment or collection of any tax shall be maintained in any court by any person . . . ." (emphasis added)); *see also Direct Mktg. Ass'n v. Brohl*, 135 S. Ct. 1124, 1132-33 (2015) (interpretation of "restrain" under Tax Injunction Act, 28 U.S.C. § 1341). The plaintiffs insist that "restraining," as used in the AIA, should be interpreted narrowly; that is, to refer solely to an action that seeks to completely *stop* the IRS from assessing or collecting a tax. *See* Appellants' Br. 19-34. Because the plaintiffs believe their lawsuit does not prevent the assessment or collection of any tax, they argue the AIA does not oust the court of jurisdiction. The IRS disagrees. It argues that "restraining" not only includes litigation that completely stops the assessment or collection of a tax but also encompasses a lawsuit that *inhibits* the same. *See* Appellee's Br. 33-57. Under this broad interpretation, the IRS insists that the plaintiffs' lawsuit plainly seeks to hinder its ability to collect the 2012 OVDP taxes they owe.

We need not decide today the correct interpretation of "restraining" as used in the AIA. "In our circuit it is a venerable practice, and one frequently observed, to assume *arguendo* the answer to one question . . . in order to resolve a given case by answering another and equally dispositive one." *Earle v. D.C.*, 707 F.3d 299, 304 (D.C. Cir. 2012) (quoting *In re Grand Jury Subpoena (Judith Miller)*, 438 F.3d 1141, 1159 (D.C. Cir. 2006) (Henderson, J., concurring)). Here, assuming *arguendo*

that the plaintiffs are correct in their narrow construction of "restraining" as referring to litigation that stops the collection of a tax, they still cannot prevail.

As participants in the 2012 OVDP, the plaintiffs are required to pay eight years' worth of accuracy-based penalties. These penalties are treated as taxes under the AIA and any lawsuit that seeks to restrain their assessment or collection is therefore barred.[5] *See Florida Bankers Ass'n v. U.S. Dep't of Treasury,* 799 F.3d 1065, 1067 (D.C. Cir. 2015). This lawsuit, in which the plaintiffs seek to qualify to enroll in the Streamlined Procedures, does just that; to repeat, the Streamlined Procedures do not require a participant to pay *any* accuracy-based penalties for the three years covered by the

---

[5] "[T]he Tax Code defines some penalties as taxes for purposes of the Anti-Injunction Act." *Florida Bankers Ass'n*, 799 F.3d at 1067. In *Florida Bankers*, for example, we determined that penalties set out in Chapter 68, Subchapter B should be "treated as taxes under the Anti-Injunction Act" because Subchapter B provides that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the *penalties* and liabilities provided by this subchapter." *Id.* (citing 26 U.S.C. § 6671(a) (emphasis added)); *accord Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 544-45 (2012) ("Penalties in Subchapter 68B are . . . treated as taxes under Title 26, which includes the Anti-Injunction Act."). The accuracy-based penalties at issue here—a 20% surcharge applied to any "underpayment of tax required to be shown on a return," 26 U.S.C. § 6662(a)—are included in Chapter 68, Subchapter A of the Internal Revenue Code. Like Subchapter B, Subchapter A states that "any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the additions to the tax, additional amounts, and *penalties* provided by this chapter." 26 U.S.C. § 6665(a)(2) (emphasis added). Accordingly, we believe the Subchapter A penalties should be "treated as taxes under the Anti-Injunction Act." 799 F.3d at 1067.

program. Thus, their lawsuit would have the effect of restraining—fully stopping—the IRS from collecting accuracy-based penalties for which they are currently liable. We believe this fact alone manifests that the AIA bars their suit. *See* 26 U.S.C. § 7421(a).

The plaintiffs' response is unavailing. First, they insist that their claim does not fall within the AIA's scope because they seek only the *ability* to apply for the Streamlined Procedures (a route currently foreclosed by the Transition Rules), not court-ordered enrollment. Appellants' Br. 40. They note that their eligibility to enroll alone, viewed *in vacuo*, has no immediate tax consequence. But we have never applied the AIA without considering the practical impact of our decision. Rather, we have recognized our need to engage in "a careful inquiry into the remedy sought . . . and *any implication* the remedy may have on assessment and collection." *Cohen*, 650 F.3d at 724 (emphasis added). And here, the plaintiffs concede that they will enroll in the Streamlined Procedures if they are deemed eligible, *see* Oral. Arg. Rec. 3:10-3:15, thereby stopping the IRS from collecting the 2012 OVDP accuracy-based penalties.

The plaintiffs also argue that their eligibility for, or enrollment in, the Streamlined Procedures would not *necessarily* prevent the IRS from collecting the accuracy-based penalties because they would be liable for all taxes and penalties if the IRS determined they either acted willfully in failing to report their overseas assets or failed to comply with the requirements of the Streamlined Procedures program. But the fact that their attempt to take advantage of the Streamlined Procedures' more lenient tax treatment *might* be thwarted by the possibility of an adverse IRS determination does not make their lawsuit one that is *not* brought "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a).

One issue remains. We have previously recognized that the AIA "does not apply at all where the plaintiff has no other remedy for its alleged injury." *Z Street v. Koskinen*, 791 F.3d 24, 31 (D.C. Cir. 2015). "[T]he Act was intended to apply only when Congress has provided an alternative avenue for an aggrieved party to litigate its claims." *Id.* at 29 (internal quotation marks omitted) (quoting *South Carolina v. Regan*, 465 U.S. 367, 381 (1984)). Here, that requirement is met. As the district court noted, the plaintiffs can

> opt-out of the OVDP, allow the IRS to determine their liabilities by examination, pay the assessed liabilities, and file an administrative claim for a refund for the difference between the liability determined and the amount that would be due under the Streamlined Procedures; if that administrative refund claim is denied, they may then file a refund suit in federal court.

*Maze*, 206 F. Supp. 3d at 20. Their ability to initiate a refund suit—an adequate "alternative avenue," *id.* at 19—means that the AIA applies with full force to their action.[6] *See Florida Bankers Ass'n*, 799 F.3d at 1067 ("To be clear, our ruling does not prevent a [party] from obtaining judicial review of the challenged regulation. A [party] may decline to submit a required report, pay the penalty, and then sue for a refund. At that time, a court may consider the legality of the regulation.").

---

[6] The plaintiffs worry that, in a refund suit, they could challenge only the amount of their tax liability, not the Transition Rules themselves. Appellants' Br. 51. We disagree and note the IRS's acknowledgment at oral argument that the plaintiffs may indeed challenge the Transition Rules in a refund action. *See* Oral Arg. Rec. 21:19-21:47.

10

For the foregoing reasons, we affirm the district court's dismissal.

*So ordered.*